Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANK M. LOPICCOLO, | CASE NO. |
| Plaintiff, | COMPLAINT FOR DAMAGES AND OTHER RELIEF BASED UPON: |
| vs. | 1. DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT<br>2. RETALIATION |
| ALIANTE GAMING, LLC, a Nevada Limited Liability Company; ALST CASINO HOLDCO, LLC, a Delaware Limited Liability Company, | JURY DEMAND |
| Defendant. | |

Plaintiff FRANK M. LOPICCOLO ("Plaintiff" or "Lopiccolo") alleges as follows:

1. This action is brought pursuant to the Americans With Disabilities Act of 1990, *42 U.S.C. § 12101, et seq.* (hereinafter "ADA") for wrongful discrimination and retaliation in violation of the ADA.  Jurisdiction is predicated under this code section as well as *28 U.S.C. §1331* as this action involves a federal question.

1

2. At all relevant times, Defendant ALIANTE GAMING, LLC, a Nevada Limited Liability Company and ALST CASINO HOLDCO, LLC, a Delaware Limited Liability Company (hereinafter "Aliante" or "Defendant") employed fifteen (15) or more employees on each working day in each of 20 or more calendar weeks in the current or preceding calendar year from which the discrimination took place, and they are therefore subject to the provisions of the ADA.

3. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to *28 USC §1391(b)(2),* and the ends of justice so require.

## PARTIES

4. Plaintiff, Lopiccolo, is a citizen of the United States and a resident of the State of Nevada, County of Clark and City of Henderson.

5. Plaintiff is informed and believes and thereon alleges that at all relevant times giving rise to the claims asserted, Plaintiff was employed in Las Vegas, Nevada by Aliante. Defendant is an employer within the meaning of *42 USC §2000e(b)*.

## EXHAUSTION OF REMEDIES

6. Plaintiff timely filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") and was issued a Notice of Right to Sue by the EEOC on July 15, 2014, a copy of which is attached to Complaint as Exhibit "A".

## FIRST CAUSE OF ACTION

### (For Disability Discrimination and Failure to Accommodate under the ADA)

7. Plaintiff Lopiccolo incorporates the allegation set forth in paragraphs 1 through 6, inclusive, as if fully set forth herein.

8. On or about January 14, 2013, Plaintiff was hired by Defendant as Room Manager for Aliante's Medley Buffet restaurant (the "Buffet").

9. During his time at the Buffet, Plaintiff developed policies and procedures for staff

to follow to increase overall customer service and satisfaction. Lopiccolo also made suggestions to Robert Bethune ("Bethune"), the Vice President of Food and Beverage at Aliante and the executive chef named George to, among other things, offer theme nights which would make the Buffet more competitive without increasing costs.

10. During his time at the Buffet, Plaintiff received compliments from management and guests on the good job he was doing managing the Buffet.

11. On or about March 22, 2013, Plaintiff was promoted to Room Manager for the Salted Lime restaurant (the "Salted Lime"). The Salted Lime was a full service sit down restaurant.

12. Once in his new position which became effective April 1, 2013, Lopiccolo developed policies and procedures for his staff to follow as he had done when he was manager of the Buffet. He also made suggestions to Bethune and executive chef George on ways to increase overall income without increasing costs as Plaintiff had done when he was manager of the Buffet.

13. After Plaintiff started his position at the Salted Lime, he was diagnosed with stage one prostate cancer.

14. Lopiccolo informed Bethune of the diagnosis and his need to take some time off for treatment to become cancer free.

15. From April 27, 2013 through May 1, 2013 was off work for the treatment and recovery from his prostate cancer.

16. Once he returned to work on May 2, 2013, Plaintiff almost immediate felt hostility from Bethune and others in management which he didn't feel before he informed Bethune he had prostate cancer and needed to have treatment to cure the ailment.

17. Where before Lopiccolo was always including in certain meetings for managers, he was now excluded from these meeting without explanation.

18. Where before Bethune would always listen to what Plaintiff had to say and his ideas, Bethune suddenly became distant and not interested.

19. Finally on July 1, 2013 Plaintiff was called to meet with Bethune, and with the Human Resources manager Barbara Kelly also present, Lopiccolo was informed that he was being terminated.

20. When Plaintiff asked why he was being terminated, he was not given a reason, but just told it was a probationary release.

21. Lopiccolo thought that the probation period was three month, not six month, but was told for management employees it was six months.

22. During his time working for Aliante, Plaintiff never received a write-up, corrective counseling or any other type of disciplinary notice.

23. Although Plaintiff's cancer is in remission, this is a permanent condition which might reappear at any time in the future.

24. As a direct, foreseeable, and legal result of the Defendant terminating Lopiccolo due to his disability, Plaintiff has suffered overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

25. As a further direct, foreseeable, and legal result of the Defendant terminating Lopiccolo due to his disability, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which Plaintiff seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

26. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

27. Plaintiff claims the damages alleged herein, together with prejudgment interest as

provided by law, in a sum according to proof at trial.

28. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## SECOND CAUSE OF ACTION

### (For Retaliation in Violation of the ADA)

29. Plaintiff Lopiccolo incorporates the allegation set forth in paragraphs 1 through 28, inclusive, as if fully set forth herein.

30. This cause of action is brought pursuant to *42 U.S.C. §12203(a)*, as it involves a claim by Plaintiff for retaliation in violation of the ADA.

31. As set forth herein above, after Lopiccolo informed Bethune that he had prostate cancer, he was retaliated against by Bethune by among other things, feeling hostility from Bethune and others in management including not listening to Plaintiff's ideas and what he had to say and being excluded from certain meetings for managers, both of which did not occur prior to the time Lopiccolo told Bethune about his diagnosis .

32. Finally Defendant retaliated against Plaintiff by terminating him on July 1, 2013.

33. As a direct, foreseeable, and legal result of Defendant's retaliation, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

34. As a further direct, foreseeable, and legal result of Defendant's retaliation, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which he seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

35. In acting as they did, Defendant knowingly, willfully, and intentionally acted in

conscious disregard of Plaintiff's rights.  Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

36. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

37. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims.  Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Lopiccolo demands judgment against Defendant, and each of them, as follows:

1. Declaring that the acts and practices complained of here are a violation of ADA and in retaliation of Plaintiff telling Defendant he had prostate cancer;

2. Enjoining and permanently restraining the violations by Defendants of the ADA and retaliation under the ADA;

3. For back pay and front pay for overall economic losses in earnings, bonuses, job benefits and expenses, according to proof at time of trial;

4. For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time of trial;

5. For punitive damages;

6. For attorney's fees and costs in an amount determined by the court to be reasonable;

7. For pre-judgment interest on all damages; and

8. For any other and further relief that the Court considers proper.

///

///

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

DATED: 10/11/2014            LAW OFFICES OF MICHAEL P. BALABAN

BY:        /s/ Michael P. Balaban
    Michael P. Balaban
    LAW OFFICES OF MICHAEL P. BALABAN
    10726 Del Rudini Street
    Las Vegas, NV  89141

# EXHIBIT A

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| **To:** Frank M. Lopiccolo<br>122 Montclair Drive<br>Henderson, NV 89074 | **From:** Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite-8112<br>Las Vegas, NV 89101 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2013-01255 | Robert Holmes, Investigator | (792) 388-5013 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*     **JUL 1 5 2014**

Amy Burkholder,<br>Local Office Director     *(Date Mailed)*

Enclosures(s)

cc:
ALIANTE CASINO & HOTEL<br>
7300 Aliante Pkwy.<br>
N Las Vegas, NV 89084